

FILED
APR 9 2008
CLERK, US DISTRICT COURT
NORFOLK, VA

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Newport News Division**

DARRYL J. SAUNDRY, JR.,

    Appellant,

v.                                      CRIMINAL NO. 4:07cr175

UNITED STATES OF AMERICA,

    Appellee.

## OPINION AND FINAL ORDER

Pursuant to Federal Rule of Criminal Procedure 58(g)(2)(B), appellant Darryl J. Saundry, Jr. ("appellant"), appeals his conviction for operating a motor vehicle while under the influence of alcohol, second offense, under the special maritime and territorial jurisdiction of the United States, in violation of the Assimilated Crimes Act, 18 U.S.C. §§ 7 and 13 ("ACA"), assimilating Va. Code Ann. §§ 18.2-266 and 270(B).[1] The appellant was found guilty following a bench trial before a magistrate judge, which took place on December 17, 2007. After a full review of the record, the appellant's conviction is **AFFIRMED**.[2]

---

[1] The appellant was found not guilty of operating a motor vehicle during the time for which his license was suspended or revoked, in violation of 18 U.S.C. §§ 7 and 13, assimilating Va. Code Ann. § 46.2-301. He was also found not guilty of operating an unregistered motor vehicle, in violation of 32 C.F.R. § 634.25, assimilating Va. Code Ann. § 46.2-613.

[2] The court reviews the magistrate judge's findings of fact for clear error. The magistrate judge's conclusions of law are reviewed de novo. See Fed. R. Crim. P. 58(g)(2)(D). Moreover, in

## I. Factual and Procedural History

On October 21, 2007, the appellant's vehicle was stopped by Officer Michael Coff ("Officer Coff"), a Department of the Army Civilian Police Officer assigned to Fort Eustis, Virginia,[3] for having expired license plates. When asked to provide his driver's license, military identification card, and registration, the appellant was unable to produce his driver's license. The appellant indicated to Officer Coff that his driver's license was suspended due to a previous conviction for driving under the influence ("DUI").

During this interaction, Officer Coff noticed that the appellant's speech was slurred, his eyes were red, glassy, and bloodshot, and there was an odor of alcohol coming from his person. Based on these observations, Officer Coff administered a Portable Breathalyzer Test ("PBT").[4] After receiving the reading from the PBT, Officer Coff asked the appellant to step out of the vehicle

---

reviewing the proceedings below, the court follows the harmless and plain error standards set forth in Federal Rule of Criminal Procedure 52.

[3] Fort Eustis is a United States Army Base, and is therefore under the special maritime and territorial jurisdiction of the United States. See 18 U.S.C. § 7.

[4] The actual results of the PBT were not before the magistrate judge, nor are they an issue on this appeal. Rather, the results of the PBT, along with Officer Coff's observations of the appellant, provided the basis for "reasonable suspicion" to administer the field sobriety tests, the results of which provided the probable cause for the appellant's arrest.

and explained to the appellant that he was going to administer a series of field sobriety tests. The field sobriety tests were then administered. Based on the appellant's poor performance on the field sobriety tests, he was transported to a military police station and informed of the implied consent statute.[5] He voluntarily submitted to a breath test. The test showed that the appellant's blood alcohol level was .14 grams per 210 liters of breath.

## II. Issues on Appeal

In this appeal, the appellant contends that the results of the breath test were improperly admitted as the fruits of an illegal arrest made without probable cause. The basis for the appellant's argument is twofold: (1) that Officer Coff violated Va. Code Ann. § 18.2-267(C) and (F), which provide that a driver suspected of driving under the influence of alcohol is to be advised of his right to refuse to submit to a PBT; and (2) that Officer Coff administered the field sobriety tests without obtaining the appellant's consent, in violation of the rule expressed in <u>Hammond v. Commonwealth</u>, 17 Va. App. 565, 568 (Va. Ct. App. 1994), in which the court noted, in dicta, that "field sobriety test[s] [are] not mandatory and [are] administered by an officer only with the

---

[5] 18 U.S.C. § 3118 and Va. Code Ann. § 18.2-268.2 provide for implied consent to either a blood or breath test when operating a motor vehicle in the special maritime and territorial jurisdiction of the United States and the Commonwealth of Virginia, respectively.

3

consent of the accused."[6]  These arguments were not made to the magistrate judge.[7]

The magistrate judge analyzed the appellant's encounter with Officer Coff using traditional principles of Fourth Amendment jurisprudence, as well as the Federal Rules of Evidence, and found that there was probable cause to believe that the appellant was operating a motor vehicle under the influence of alcohol; therefore, the breath test was properly administered and the results of the test properly admitted at the appellant's trial. (Trial Tr. 27.)

### III. Analysis

Under the ACA, conduct that occurs on land under the special maritime and territorial jurisdiction of the United States which is not expressly prohibited by federal law is governed by the penal laws of the state where the land is located.  The ACA assimilates

---

[6] See supra note 4.

[7] With regard to the field sobriety tests, the magistrate judge noted the following:  "The court does not find any evidence here that there is a requirement with regard to the field sobriety tests.  That is to say, no one suggested to me, by case law or otherwise, that the officer must say, you have the right to refuse these tests, and give the defendant that opportunity." (Trial Tr. 26-27.) Regarding the PBT, the magistrate judge stated: "There is no argument here, as I understand it, that the test was coerced or that the opportunity to refuse it should have been afforded to the defendant by the officer. It was simply administered." (Trial Tr. 34.)  This court has considered these issues on appeal de novo because they raise questions of law, and under the "plain error" rule because they were not raised at trial by the appellant. See supra note 2.

the entire substantive law of the state, which includes laws relating to the definition and scope of an offense and laws addressing the manner in which an offense is to be punished. See, e.g., United States v. King, 824 F.2d 313, 315 (4th Cir. 1987). However, the ACA does not adopt state procedural rules or rules of evidence. E.g., United States v. Card, No. 90-5313, 1991 U.S. App. LEXIS 1327, at *3 (4th Cir. Jan. 31, 1991) (unpublished); Kay v. United States, 255 F.2d 476, 479 (4th Cir.), cert. denied, 358 U.S. 825 (1958).

The Fourth Circuit has not explicitly ruled whether the requirements of Va. Code Ann. § 18.2-267(C) and (F) are substantive, and therefore assimilated by the ACA, or procedural, and therefore not assimilated by the ACA. However, courts have held that statutes similar to § 18.2-267 are generally procedural in nature. See United States v. Daras, No. 98-4286, 1998 U.S. App. LEXIS 26552, at *6 (4th Cir. Oct. 16, 1998) (unpublished) (noting that "failure to follow state procedures relating to the proper administration of breathaly[z]ers goes to the weight, and not the admissibility, of the test"); Card, 1991 U.S. App. LEXIS 1327, at *3-4 (finding that a Virginia statute which affords defendants the opportunity to elect either a blood test or a breath test when arrested on suspicion of driving under the influence is a "procedural provision lying outside the purview of the ACA"); United States v. Jenkins, 780 F.2d 472, 475 (4th Cir.), cert.

5

denied, 476 U.S. 1161 (1986) (finding that a South Carolina statute providing for a right to a jury trial for a DUI first offense is procedural and therefore not assimilated by the ACA); United States v. Hambsch, 748 F. Supp. 343, 343-44 (D. Md. 1990) (finding that a Maryland statute prohibiting the arresting officer in a DUI case from administering subsequent chemical breath tests is procedural and not assimilated by the ACA).[8]

Similarly, the common law rule expressed in Hammond is more akin to the statutory provisions deemed procedural in the aforementioned cases.[9] Under the ACA, Officer Coff was not

---

[8] Moreover, a reading of the other provisions of Va. Code Ann. § 18.2-267 supports the conclusion that the statute is procedural and evidentiary in nature, and therefore not assimilated by the ACA. See Va. Code. Ann. § 18.2-267(B) ("The Department of Forensic Science shall determine the proper method and equipment to be used in analyzing breath samples taken pursuant to this section . . . ."); id. § 18.2-267(E) ("The results of the breath analysis shall not be admitted into evidence in any prosecution for an offense listed in subsection A, the purpose of this section being to permit a preliminary analysis of the alcoholic content of the blood of a person suspected of having committed an offense listed in subsection A.").

[9] The court notes that this "rule" was expressed by the majority in dicta in Hammond, and did not impose an affirmative obligation on officers to inform those suspected of driving under the influence of their right to refuse to submit to field sobriety tests. See Hammond, 17 Va. App. at 568.
The issue of field sobriety tests was also discussed in Farmer v. Commonwealth, 12 Va. App. 337 (Va. Ct. App. 1991) (en banc), which involved the admissibility of a defendant's refusal to submit to such field sobriety tests. In his dissent in Farmer, Judge Koontz noted that, unlike the implied consent statute which covers blood or breath tests, there is no statutory requirement that a defendant submit to field sobriety tests. Id. at 345-46. In dissenting from the majority's holding that a defendant's refusal to submit to the voluntary field sobriety tests could be admitted

required to comply with Va. Code Ann. § 18.2-267(C) and (F) and the Virginia "common law rule" expressed in dicta in Hammond. Therefore, Officer Coff's noncompliance with these procedural provisions did not violate any of the appellant's federal rights. In the absence of any violation of the appellant's federal rights, the results of the breath test were properly admitted.

Furthermore, regardless of whether Va. Code Ann. § 18.2-267(C) and (F) and the rule expressed in Hammond are substantive or procedural, it is not a violation of the Fourth Amendment for an officer to detain an individual to administer field sobriety tests and a preliminary breath test, so long as the probable cause requirements of federal law are met. The United States correctly points out that even if Va. Code Ann. § 18.2-267(C) and (F) and the rule noted in Hammond are construed as substantive, they are inapplicable in federal proceedings because, in providing greater protections than those afforded by federal law, they conflict with the requirements of the Fourth Amendment. See United States v. Clyburn, 24 F.3d 613, 616-17 (4th Cir.), cert. denied, 513 U.S. 907 (1994) ("Importing the particularized requirements of state standards into this federal proceeding would undermine the policy

---

against him, nowhere did Judge Koontz express the opinion that officers are <u>affirmatively</u> <u>required</u> to notify defendants of their right to refuse to submit to the field sobriety tests. <u>Id.</u> at 342-48 (Koontz, C.J., dissenting). The majority similarly imposed no such requirement. The Virginia Supreme Court has not addressed the issue.

7

favoring uniformity of federal evidentiary standards. . . . Moreover, states simply lack the power to impose on federal courts requirements stricter than those mandated by the federal Constitution . . . ." (internal citations and quotation marks omitted)).

In this case, the magistrate judge properly applied Fourth Amendment jurisprudence and the Federal Rules of Evidence, which control in federal criminal proceedings, to determine the admissibility of the breath test. E.g., Card, 1991 U.S. App. LEXIS 1327, at *4. The court finds no error in the magistrate judge's findings of fact or conclusions of law. Officer Coff had ample probable cause to arrest the appellant based on his observations and the field sobriety tests, which were properly administered based on reasonable suspicion.[10] The breath test was properly administered pursuant to the legal arrest. Accordingly, the appellant's conviction is **AFFIRMED**.

The Clerk is **DIRECTED** to send a copy of this Opinion and Final Order to counsel for the parties.

IT IS SO ORDERED.

/s/
Rebecca Beach Smith
United States District Judge

Rebecca Beach Smith
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 8, 2008

---

[10] See supra note 4.